8 F.3d 809
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Gilberto E. GARCIA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 Nos. 91-2113 and 93-1420.
 United States Court of Appeals,
First Circuit.
 October 22, 1993
 
 PETITION FOR REVIEW OF ORDERS OF THE BOARD OF IMMIGRATION APPEALS
 Carl Krueger, with whom the International Institute of Rhode Island, Inc., was on brief for petitioner.
 Charles E. Pazar, Attorney, Office of Immigration Litigation, Civil Division, Department of Justice, with whom Frank W. Hunger, Assistant Attorney General, and Robert Kendall, Jr., Assistant Director, were on brief for respondent.
 B.I.A.
 AFFIRMED.
 Before Torruella, Circuit Judge, Bownes, Senior Circuit Judge, and Stahl, Circuit Judge.
 Per Curiam.
 
 
 1
 Petitioner Gilberto Garcia contests decisions of the Board of Immigration Appeals (the "Board") ordering deportation and refusing to reopen and reconsider his case.
 
 
 2
 Petitioner is a native and citizen of the Dominican Republic. He has been a lawful permanent resident in the United States since 1979. On August 19, 1988, the Immigration and Naturalization Service ("INS") commenced deportation proceedings against petitioner, alleging his deportability under section 241(a)(11) of the Immigration and Nationality Act (the "Act"), 8 U.S.C. § 1251(a)(11), as an alien convicted of a controlled substance violation (cocaine). At a deportation hearing on February 27, 1989,[1] petitioner conceded that he was deportable as charged and requested an opportunity to file an application for a waiver of deportation under section 212(c) of the Act. See 8 U.S.C. § 1182(c). The immigration judge assigned the case for a hearing on the merits on June 26, and directed petitioner to file his waiver application by June 16. On June 6, petitioner received notice that his hearing had been rescheduled to September 27. The notice did not mention the application filing deadline.
 
 
 3
 On September 14, petitioner filed his § 212(c) application by paying the application fee at the Providence, Rhode Island office of the INS. The application was delivered to the Office of the Immigration Judge in Boston, Massachusetts on September 15.
 
 
 4
 On September 18, the immigration judge ordered petitioner's deportation because petitioner failed to timely file his written application for relief. The Board affirmed the decision and denied a subsequent motion to reopen.
 
 
 5
 * Petitioner asks that we remand the case for a hearing on the merits. He asserts that his attorney did not file the application on June 16 because the immigration judge stated during the February 27 hearing that the application should be filed ten days prior to the hearing. As a result, his attorney allegedly met the deadline by sending the application thirteen days prior to the postponed hearing date of September 28. Because the record clearly states that the application was to be filed by June 16, petitioner's attorney contends that the judge must have made the statement on which he relies off the record. Moreover, he pleads that the immigration judge stated that no application had been filed when he ordered deportation on September 18. From this, petitioner's attorney infers that the immigration judge also believed the relevant filing date was September 18 and that the judge only ordered deportation because he had not received, through some error, the application filed on September 14. Petitioner finally urges that remand is appropriate because the application was filed late due to the attorney's error (not petitioner's) and because no prejudice occurred as a result of the tardy submission.
 
 
 6
 Board regulations authorize an immigration judge to 'set and extend time limits for the filing of applications.' 8 C.F.R. § 3.31(c) (1993). Applications not timely filed are deemed waived or abandoned. Id. The Board found, and we agree, that the record clearly states that the application was to be filed by June 16.[2] Since the application was not filed until September 14, the Board found the application waived and affirmed the immigration judge's deportation order.
 
 
 7
 Petitioner proposes no substantial argument against the Board's decision. Petitioner first emphasizes that his counsel recalls that the time limit specified was ten days prior to the hearing and that the immigration judge waited until September 18 to order deportation. We cannot draw the inference he desires -- i.e., that the immigration judge also thought the application due only ten days before the rescheduled hearing - in light of the plain evidence in the record that the deadline was June 16. Perhaps, for example, the immigration judge did not issue the order until September 18 because he reviewed his calendar on that day; we can only speculate, a procedure contrary to appellate review. Second, failure to comply with time limitations is often the fault of counsel rather than the client, and clients are bound by the conduct of their attorneys. See Magallanes-Damin v. INS, 783 F.2d 931, 934 (9th Cir. 1986). Time limits would be meaningless if we excused counsel's mistakes every time the error prejudiced the client. Finally, while petitioner contends no prejudice has occurred these appellate proceedings have substantially delayed petitioner's deportation despite his eligibility for deportation under § 241(a)(11). Since the Board's factual finding that petitioner untimely filed his § 212(c) application is supported by substantial evidence in the record, we affirm its decision to affirm the deportation order. See Gouveia v. INS, 980 F.2d 814, 818 (1st Cir. 1992) ('[A] court must accept the Board's factual determination so long as they are supported by substantial evidence . . . .') (citations omitted).
 
 II.
 
 8
 The authority of the Board or the Attorney General to reopen a deportation proceeding 'deriv[s] solely from regulations promulgated by the Attorney General.' INS v. Doherty, 112 S.Ct. 719, 724 (1992) (citing INS v. Ro-Pineda, 471 U.S. 444, 446 (1985)). A motion to reopen or reconsider a final decision will not be granted unless petitioner presents new material evidence previously unavailable or identifies a change in the applicable statutory or case law. See 8 C.F.R. § 3.2;[3] Matter of Cerna, Int. Dec. 3161 (BIA Oct. 7, 1991). As a general matter, motions to reopen are disfavored. See Doherty, 112 S. Ct. at 724. The decision whether to reopen a deportation proceeding lies within the Board's discretion. See id.; Williams v. INS, 773 F.2d 8, 9 (1st Cir. 1985). In the past we have held that " '[t]he denial [of a motion to reopen] will be upheld unless it was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as invidious discrimination against a particular race or group.' " Williams, 773 F.2d at 9 (quoting Leblanc v. INS, 715 F.2d 685, 693 (1st Cir. 1983)). This standard is particularly appropriate where waiver of deportation under § 212(c) is in issue because whether waiver is granted is firmly within the Board's discretion and depends on a balance of "social and humane" factors. See Gouveia, 980 F.2d at 816.
 
 
 9
 Under the above standard, the Board's decision is unassailable. The only new evidence that petitioner offered is a detailed affidavit from his attorney concerning the circumstances of his misunderstanding.[4] As the Board explained, however, it considered counsel's error and found that even if the proceeding were reopened, the attorney's affidavit was not likely to change its finding that the waiver application had been abandoned. Petitioner has not cited any change in the applicable law.
 
 
 10
 We therefore affirm the decisions of the Board.
 
 
 
 [1]
 Unless otherwise specified, all dates are during 1989
 
 
 [2]
 The immigration judge stated at the February 27 hearing: "I'd ask that you file that [application for section 212(c) relief] not later than June 16, 1989, along with any supporting documents. And we'll be adjourned then to June 26 at 8:00 in the morning."
 
 
 [3]
 8 C.F.R. § 3.2 specifies that "[m]otions to reopen deportation proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." Id
 
 
 [4]
 Incidentally, appellant points out that the INS has not opposed reopening the case and hearing the merits of the 212(c) application. We fail to see why the Board must sanction a violation of an immigration judge's order because the INS does not specifically oppose reopening the case